UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
SAMANTHA CAMPANICELLO-CASON,　　　No. 20 cv 03381-MCA-LDW
T.C.. K.C., and GARRETT CASON, JR.

     Plaintiffs,

                **ANSWER AND**
                **AFFIRMATIVE**
**DEFENSES**

  – against –

KEVIN O'REILLY,

     Defendant.
-------------------------------------------------------------------x

  Defendant Kevin O'Reilly "Defendant", by his attorneys Bittiger Elias & Triolo P.C. for his Answer to the Complaint says as follows:

## ANSWER TO JURISDICTION

  1. Defendant can neither admit not deny the allegations contained in Paragraph 1 of the Complaint as they make a statement of law based upon the Counts of the Complaint which are denied.

  2. Defendant can neither admit nor deny the allegations contained in Paragraph 2 of the Complaint because the Plaintiff failed to file a forwarding address when she vacated the tenanted premises and the Complaint only identifies her address when she was a tenant and not her current address..

## ANSWER TO THE PARTIES

3. As to the allegations of Paragraph 3 of the Complaint, Defendant admits only that the Plaintiff was a tenant at 67 Pulaski Avenue Wallington, NJ pursuant to a one year Lease entered into on or about August 2016 with a term commencing on September 1, 2016 and terminating on August 31, 2017, and a second Lease entered into in August 2017 with term commencing on September 1, 2017 and terminating on August 31, 2018.  Plaintiff was given notice that the Lease would not be renewed in June of 2018.  Plaintiff vacated the premise in August of 2018. And denies the rest and remainder of the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## ANSWER TO THE FACTUAL ALLEGATIONS

5. As to the allegations of Paragraph 5 of the Complaint, Defendant admits only that the Plaintiff was a tenant at 67 Pulaski Avenue Wallington, NJ pursuant to a one year Lease entered into on or about August 2016 with a term commencing on September 1, 2016 and terminating on August 31, 2017, and a second Lease entered into in August 2017 with term commencing on September 1, 2017 and terminating on August 31, 2018.  Plaintiff was given notice that the Lease

would not be renewed in June of 2018. Plaintiff vacated the premise in August of 2018. And denies the rest and remainder of the allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient information and belief to admit or deny the allegations of social status contained in Paragraph 6 of the Complaint and admits only that the two Leases were for the Plaintiff and her children, no husband or other adult male were in the Lease as occupants in any capacity. The first Lease was represented to be an emergent situation because of domestic abuse by Plaintiff's husband requiring the Plaintiff to have shelter immediately away from her husband.

7. Defendant can neither admit nor deny the allegations contained in Paragraph 7 of the Complaint as they represent an opinion.

8. Defendant can neither admit nor deny the allegations contained in Paragraph 8 of the Complaint as they represent an opinion; however, Defendant entered into a Lease in August of 2017 for a full year making the opinion dubious.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint as the characterization is false. See Answer to Paragraph 6 above.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint that wrongfully characterize the Defendant and refers to the Lease for its terms and conditions.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant can neither admit nor deny the allegations contained in Paragraph 20 of the Complaint as they represent an opinion of Plaintiff. And denies the rest and remainder of the allegations of Paragraph 20 of the Complaint.

21. Defendant can neither admit nor deny the allegations contained in Paragraph 21 of the Complaint as they represent an opinion of Defendant which Defendant rejects as untrue. And denies the rest and remainder of the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. As to the allegations contained in Paragraph 23 of the Complaint Defendant admits only that he sought to hand the Notice of Termination of Tenancy to Plaintiff on June 8, 2020 as Notice that the Lease would not be renewed on August 31, 2018 and when she refused to accept it, Defendant posted it on her door which she promptly ripped down necessitating a call to the Wallington Police for a peace officer and then he mailed it regular and certified mail. The intention of the Notice was to assure that the Plaintiff understood that a Lease was not being offered with sufficient time for the Plaintiff to find another residence. And denies the rest and remainder of the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant can neither admit nor deny the allegations contained in Paragraph 25 of the Complaint as they represent an opinion.

26. Defendant can neither admit nor deny the allegations contained in Paragraph 26 of the Complaint as they represent purported facts for which Defendant has no knowledge and they appear to be dubious.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint. See Answer to Paragraph 23 above.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

## ANSWER TO THE FIRST COUNT FOR RELIEF AGAINST DEFENDANT
### (Statements In Violation Of The Fair Housing Act, 42 U.S.C. 3604(C))

36. Defendant repeat its Answers to paragraphs 1 through 35 of this Answer as if fully set forth herein.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## ANSWER TO THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## (Harassment In Violation Of The New Jersey Law Against Discrimination, N.J.S.A.10:5-12(g)(1))

42. Defendant repeat its Answers to paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## ANSWER TO THE THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
## (Harassment In Violation Of The New Jersey Law Against Discrimination, N.J.S.A.10:5-12(g)(2))

45. Defendant repeat its Answers to paragraphs 1 through 44 of this Answer as if fully set forth herein.

46. Defendant can neither admit nor dent the opinion allegations contained in Paragraph 46 of the Complaint and denies the rest and remainder of the allegations of Paragraph 46 of the Complaint.

47. Defendant can neither admit nor deny the allegations contained in Paragraph 47 of the Complaint and refers the Court to the terms of the Lease.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint and refers the Court to the terms of the Lease.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

## ANSWER TO THE FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### (Harassment In Violation Of The New Jersey Law Against Discrimination, N.J.S.A.10:5-12(g)(3))

51. Defendant repeat its Answers to paragraphs 1 through 50 of this Answer as if fully set forth herein.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## ANSWER TO THE FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### (Intentional Infliction of Emotional Distress)

58. Defendant repeat its Answers to paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

## ANSWER TO THE SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
### (Violation of the Rent Security Deposit, N.J.S.A.46:8-21.1)

62. Defendant repeat its Answers to paragraphs 1 through 61 of this Answer as if fully set forth herein.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant can neither admit nor deny the legal reference and denies the allegations contained in Paragraph 64 of the Complaint that relate to the actions

of Defendant sending the Plaintiff an accounting of the failure to pay rent in August of 2018 and damages left in the apartment.

65.   Defendant can neither admit nor deny the legal reference and denies the allegations contained in Paragraph 65 of the Complaint that relate to the actions of Defendant sending the Plaintiff an accounting of the failure to pay rent in August of 2018 and damages left in the apartment.fre

66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

The Defendant Kevin O'Reilly as and for Affirmative Defenses to the Plaintiff's Complaint says as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff made multiple and diverse threats to the Defendant and Defendant's home, including but not limited to a threat to bankrupt him and drive him from his home.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to abide by the terms of the Lease.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to appear in municipal court on the date set for a trial on her allegations of harassment against the Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to disclose to the Court her domestic violence history and the fact that she shared her fears and concerns with Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to disclose to the Court that the house is a two family home in which Defendant occupied the first floor and the apartment was a two bedroom apartment which has one water service and one heating system making her increase in occupancy unsafe and overtaxing of the facilities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide notice of her forwarding address, intended to create an issue with the accounting of damages and notice of her failure to pay the rent for August 2018 and then filing this false and frivolous complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred for failure to identify the residence of the Plaintiff to assert jurisdiction of the Court.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Complaint is barred and subject to FRCP 11 sanctions for intentionally filing a false complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred as s violative of the provisions of Rule 1:4-8 et. seq. and N.J.S.A. 2A:15-59.1 et. seq.

Defendant, Kevin O'Reilly reserves his right to amend this Answer and assert further Affirmative Defenses as same become known through the course of discovery.

### DEMAND FOR RELIEF

**WHEREFORE**, Defendant , demand that a Judgment be entered dismissing the Complaint in its entirety for each and every cause of action, together with costs and attorney's fees for defending this action, sanctions for bringing a frivolous complaint and such other and further relief as this Court deems just and equitable.

Dated:        June 29, 2020

Respectfully submitted,

*Priscilla J. Triolo /s/*

PRISCILLA J. TRIOLO, Esq.
Attorney for Defendant
Bittiger Elias & Triolo P.C.
12 Route 17 North, Suite 206
Paramus, New Jersey 07652
ptriolo@bittlaw.com
(201) 438-7770