Norrinda Brown Hayat Esq.
Victor Monterrosa, Jr. Esq.
William Lee, Student Attorney
Michael Chachura, Student Attorney
Michael Bernardini, Student Attorney
Rutgers Law School Civil Justice Clinic
123 Washington St.
Newark, N.J. 07102
(973) 353–0661
(973) 353–3397 (fax)
Victor.Monterrosa.Jr@gmail.com
norrinda.hayat@rutgers.edu
lee.william@rutgers.edu
mchachura@gmail.com
mb852@rutgers.edu

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAMANTHA CAMPANIELLO-CASON, | ) | |
| T.C., K.C., and GARRET CASON, JR., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-03381-MCA-LDW |
| | ) | |
| KEVIN O'REILLY., | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to FRCP Rule 15, Plaintiffs (Samantha Campaniello-Cason, T.C. Cason, K.C. Cason, and Garrett Cason Jr.) move the Court for leave to file the attached Amended Complaint. Based on additional facts and information provided through Defendant's own discovery responses,

Plaintiffs seek leave to amend the Original Complaint to add the following claims as well as an additional defendant.

## I.      PROCEDURAL BACKGROUND

Plaintiffs filed the Original Complaint on March 29, 2020, alleging the following claims : 1) violation of §3604(c) of the Fair Housing Act; 2) violation of N.J.S.A. §§10:5-12(g)(1)-(g)(3) (New Jersey Law Against Discrimination); 3) intentional infliction of emotional distress; and 4) violation of the Rent Security Deposit Act (N.J.S.A. §46:8-21.1).

On October 8, 2020, this Court issued a pre-trial scheduling order setting forth deadlines for fact discovery and motions. Specifically, the pre-trial scheduling order provided that any request for leave to file a motion to add new parties or amended pleadings must be filed no later than December 30, 2020. Plaintiffs filed a letter with the Court requesting permission to file an Amended Complaint on December 30, 2020.  Further, this Court's chamber rules specifies that "[c]ounsel shall circulate any desired amendment and shall seek written consent of all parties, as per Federal Rule of Civil Procedure 15(a)(2), before pursuing amendment by motion.  Therefore, Plaintiffs requested consent to file via email from Defendants also on December 30, but no consent was received.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15 provides that a party may amend its complaint with leave of court and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The court has discretion to grant or deny a request for leave to file an amended pleading. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) ("It is

settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."). Consistently, courts have held that leave to amend should be granted freely and that courts should operate with "strong liberality" when considering whether to grant leave to amend. See, e.g., Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir.1990); see also Forman v. Davis, 371 U.S. 178, 182 (1962) (stating that leave sought should be "freely given," in absence of any apparent or declared reason).

## III.    AMENDED COMPLAINT

During the course of discovery, Plaintiffs learned additional information, which was not available at the time of the filing of the original complaint. Indeed, the basis for expanding the protected categories under which relief is sought, and the addition of a new party is information, gathered through Defendant's responses.

### A.   Additional Discrimination Claims based on Familial Status and National Origin

In the Original Complaint, Plaintiffs alleged that Defendant discriminated against them based on their race, which is a protected class under the Fair Housing Act. The Amended Complaint seeks to add two additional protected categories: 1) familial status 2) and national origin.

First, Plaintiffs seek to amend their complaint to add a claim of discrimination on the basis of familial status. Defendant contends that one of the reasons he did not renew the lease for the third term was due to the presence of her children. See Def.'s Resp. to Pl.'s Interrog. No. 3. In Defendant's response and objections to question 3 of Plaintiffs' first set of interrogatories, Defendant expressly states that: "[Plaintiff needed a bigger place with her growing children." See id. Defendant's unwillingness to renew Plaintiff's lease, due to their status as a family with

children under eighteen, constitutes familial status discrimination under the F.H.A. See Glover v. Crestwood Lake Section 1 Holding Corps., 736 F. Supp. 301, 310 (S.D.N.Y. 1990) (finding the landlord's admission to refuse to rent on the basis of familial status as constituting discrimination); see generally United States v. Magee et al., Civil Action No. 3:11-cv-709-WHB-RHW (S.D. Miss. 2013)(proposed consent order) (involving a landlord who refused to rent a three-bedroom apartment to a single mother with four children because she had "too many children.")

Second, Plaintiffs seek to amend their complaint to add a discrimination claim on the basis of national origin. Plaintiff Campaniello-Cason is bi-racial: Hispanic and Caucasian. Compl. ¶ 13. Her mother is Puerto Rican. As indicated in the Original Complaint, Defendant consistently used the word, "spic" around Plaintiffs. Id. ¶13. The word "spic" was early defined as a "derogatory word for Mexicans, Mexican-American and Puerto Ricans, and has since "expanded to encompass other Hispanic groups." See Richard Delgado, Understanding Words That Wound 56 (2004). Further, Defendant refused to allow Plaintiff-Campaniello-Cason's mother to visit with Plaintiffs in the dwelling. Compl. ¶ 7.

Defendant does not deny using this offensive language nor does he deny prohibiting Ms. Cason's mother from visiting. Instead, in defense of his discriminatory conduct, Defendant has offered that he has family members who are also part-Hispanic. Def.'s Letter, ¶ 3, Jan. 14, 2021. Specifically, Defendant stated, "… [Defendant's] biological daughter is half Mexican and his step-son is Mexican and Peruvian." Id. Even if these facts are true, they are of no consequence under the law. Under the Fair Housing Act, that defendant cannot or did not discriminate against all members of a protected class is not evidence that he did not discriminate against plaintiffs. See generally Juarez v. Northwestern Mut. Life Ins. Co., Inc., 69 F.Supp.3d 364, 370 (S.D.N.Y. 2014) (finding that "a defendant is not insulated from. . . liability for intentional discrimination against

some members of a protected class merely because not *every* member of the class becomes a victim of the discrimination.")

## B.  Violation of the Anti-Eviction Act, N.J.S.A § 2A:18-61.1

Defendant did not have sufficient "good cause" for his failure to renew Plaintiff's lease  as statutorily required under N.J.S.A § 2A:18-61.1. In discovery, Defendant stated he did not renew the lease because of "his intent to occupy (the dwelling) while he made repairs to the first-floor unit" and the violence that Ms. Cason allegedly faced in her previous relationship. Def.'s Letter, ¶ 1,  Jan. 14, 2021.

On the notice of termination of tenancy and to vacate (dated June 5, 2018), Defendant wrote that "[t]he landlord will renovate the apartment which you presently occupy and *he* will live there after the renovations." Exhibit A. In question 3 of Defendant's response/objection to Plaintiffs' first set of interrogatories, Defendant expressly indicates the following reasons for not renewing the lease: "… my apartment needed work," "…Plaintiff needed a bigger place with her growing children," "I was also concerned about the [domestic] violence she had told me about when she rented the apartment," "I feared for her safety, the safety of her children…," and "I also feared for my own safety due to my age." Def.'s Resp. to Pl.'s Interrog. No. 3.  Further, Defendant expressly states that: "[he] was also concerned about the [domestic] violence she had told me about when she rented the apartment. The man she described as violent who had hit her, a woman and the mother of his children, was not welcome in my home." See id.  Additionally, in a letter to the court on January 14, 2021, Defendant's counsel explains, "Defendant did not want to renew because… violence was also a concern."). Def.'s Letter, ¶ 1, Jan. 14, 2021.

Defendant oscillates between reasons for non-renewal, none of which are legally sufficient. See Torres v. Franklin Twp., Civil Action No. 09-6282, 2011 U.S. Dist. LEXIS 148296 (D.N.J. Dec. 22, 2011) at *19 (finding that in establishing an FHA violation a plaintiff need not show that discrimination is the sole factor); see also Bouley v. Young-Sabourin, 394 F. Supp. 2d 675, 678 (D. Vt. 2005) (finding that landlord tried to evict tenant, based on tenant's status as a domestic violence victim sufficient to establish sex discrimination); see also Wilson v. Guardian Mgmt., LLC, 383 F. Supp. 3d 1105, 1110 (D. Or. 2019) (finding housing discrimination claims sufficient to overcome defendant's motion for summary judgment based solely on plaintiff's status as a domestic violence victim).  In essence, Defendant's reasons do not constitute  "good cause" under N.J.S.A § 2A:18-61.1.

C.  Philadelphia Contributionship Insurance Company ("PCIC") should be added as a party

Defendant has homeowner's insurance policy with PCIC, which is located at 210 South 4th Street, Philadelphia, PA 19106.  Under the policy, PCIC is legally liable as a third party for coverage, including "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor." See PCIC's Letter, ¶¶ 3 (citing HO 24 82 10 00),  Jan. 13, 2020.  Defendant's failure to renew Plaintiffs' lease violated the Anti-Eviction Act, which made it a wrongful eviction and implicates PCIC's coverage.  Essentially, once Defendant admitted in discovery that he did not renew the lease (partly due to Plaintiff-Campaniello-Cason being a domestic violence victim), Defendant admitted to an unintentional wrongful eviction and triggered the PCIC policy.

## IV.    ARGUMENT

Generally, leave to amend must be granted unless such considerations or factors render it otherwise unjust. See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Understandably, such liberality is not limitless as several factors weigh against granting leave to amend: undue delay, bad faith, undue prejudice, and futility of amendment. See Frick v. Novartis Pharmaceuticals Corp, Civ. No. 05–5429 (DRD), 2006 WL 1344316, at *1-*2 (D.N.J. May 16, 2006). Given the liberal standard under Rule 15(a), the burden is on the party who opposes the amendment to show the existence of prejudice, bad faith, undue delay, or futility. See Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007). None of these factors are present here as the analysis below will indicate. See Tucker v. Doe, No. 03-5704 (WHW), 2007 WL 1381756, at *1, *3 (D.N.J. May 9, 2007). Here, allowing Plaintiffs to file the amended complaint would promote judicial efficiency and serve justice.

First, as indicated in the previous section, the Amended Complaint would add an additional defendant, PCIC, which provides homeowner's insurance policy to the Defendant. Courts have held that allowing a plaintiff to join a third party would serve justice and promote judicial efficiency. See Berger v. Cushman & Wakefield of Pa., Inc., No. 13-5195, 2016 U.S. Dist. LEXIS 32562 , 9-10 (E.D. Pa. Mar. 10, 2016)  (explaining that refusing to allow plaintiff to join a third-party defendant would obviate the purpose of the third-party practice and fly in the face of judicial efficiency).  Again, PCIC is implicated in this case as a third party because it has a specific and express provision, stating that the policy also includes liability coverage for 'Personal Injury,' which is defined as: "[t]he *wrongful eviction* from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor." See PCIC's Letter, ¶¶ 3 (citing HO 24 82 10 00),  Jan. 13,

2020. (Emphasis added). Additionally, the Amended Complaint seeks additional claims based on the conduct and practices that Defendant has admitted in his own court filings and discovery responses. The Amended Complaint further expands on the protected categories under the Fair Housing Act, which Defendant has violated based on Defendant's factual assertions made throughout discovery.

Second, there is no undue delay, bad faith, or other dilatory motives by Plaintiffs. Courts have held that a motion to amend filed in accordance with the court deadline generally precludes a finding of undue delay. See Invensas Corp. v. Renesas Elecs. Corp., C.A. No. 11-448-GMS-CJB, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (finding no undue delay where Plaintiff filed motion for leave to amend on deadline for amended pleadings). Here, in respect to the deadline of December 30, 2020, Plaintiffs requested permission to file the Amended Complaint within the time set forth by the court. Such an amendment is supported by facts and information provided by Defendants and further uncovered by Plaintiffs.

Third, there will be no undue prejudice, let alone substantial bias, to the Defendant. Generally, courts focus on the hardship to the Defendant if the amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. In fact, courts have found that undue prejudice does not exist where the factual basis for the amendments were known to the non-movant and discovery had not concluded. See, e.g., Cardone Indus., Inc. v. Honeywell Int'l, Inc., Civil Action No. 13-4484, 2014 WL 3389112, at *1, *4-5; but see Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend partly because "the proposed amendment would essentially force the [non-movant] to begin litigating the case again). Here, Plaintiffs seek to amend the pleading to add an additional claim, an expansion of the protected categories under the Fair Housing Act, and a third-party defendant

based on Defendant's conduct and practices, which have been disclosed and admitted by Defendants throughout the discovery process. Given that discovery will continue for more months (fact discovery will remain open to May 1, 2021), Plaintiffs should be given the opportunity to develop these facts, analyze how the facts interact with the law, and narrow the issues for trial and further litigation.

Fourth, Plaintiffs' Amended Complaint will not result in futility. In the motion to amend context, futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997). In other words, the court may refuse to allow an amendment that fails to state a cause of action because it would likely not survive a motion to dismiss. See, e.g., Massasrsky v. General Motors Corp., 706 F.2d 111,125 (3d. Cir. 1983) ("[t]he trial court may properly deny leave to amend where the amendment would not withstand a [Rule12(b)(6) motion to dismiss."). Here, the Amended Complaint states viable and meritorious claims against the Defendant. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869-870 (explaining a claim is meritorious when the allegations of a pleading, if established, would support recovery or complete defense). The Defendant's own discovery responses support plaintiffs' allegations. The additional claim, the expansion of the protected categories under the Fair Housing Act, and the addition of PCIC as a third-party defendant arise from conduct and practices that Defendants admitted throughout the discovery process. It would not be in the interest of justice to deny Plaintiffs' the right to amend on these grounds.

## V.      CONCLUSION

For the reasons mentioned above, Plaintiffs respectfully request that the Court grant leave to file the attached Amended Complaint. In addition, Plaintiffs would respectfully request a hearing and/or oral argument should the court deem it necessary.

Respectfully submitted:

*William Lee*
_____

For Plaintiffs:

Norrinda Brown Hayat Esq.
Victor Monterrosa, Jr. Esq.
William Lee, Student Attorney
Michael Chachura, Student Attorney
Michael Bernardini, Student Attorney
Rutgers Law School Civil Justice Clinic
123 Washington St.
Newark, NJ 07102
(973) 353 – 0661
(973) 353 –3397 (fax)
norrinda.hayat@rutgers.edu
Victor.Monterrosa.Jr@gmail.com
lee.william@rutgers.edu
mchachura@gmail.com
mb852@rutgers.edu

cc: Priscilla Triolo, Esq.
ptriolo@bittlaw.com

Dated: March 12th, 2021