# RUTGERS

School of Law | Newark
Rutgers, the State University of New Jersey

**RUTGERS CIVIL JUSTICE CLINIC.**　　　　　　　Norrinda Brown Hayat, Esq., Director*
(formerly Rutgers Urban Legal Clinic)
123 Washington Street, Newark, New Jersey 07102-3026
(973) 353-5576
(973) 353-3397 (fax)　　　　　　　　　　　* Admitted to Practice pursuant to Rule 1:21-3(c).

May 12, 2021

　　　　RE: Campaniello-Cason et al v. O' Reilly, Civil Case No.: 2:20-cv-03381-MCA-LDW

Dear Judge Espinosa :

　　We write in response to Ms. Priscilla Triolo's letter dated May 7, 2021,[1] where she requests that Plaintiff Samantha Campaniello-Cason be recalled to "testify concerning the genesis of the occupancy under the representation of counsel." Defendant's assertion that "deposition should be reconvened" is a mere pretense to establish prior good acts of the Defendant and not a good faith basis of discovery.

　　More specifically, Defendant argues that "[c]laims of racism are diametrically opposed" to Defendant's "assistance" to the Plaintiff and "Defendant's character, empathy and concern for Plaintiff and her three children." Further, Defendant asserts that "Defendant permitted the Plaintiff and her children to move into his two-family house on an emergent basis" and "Defendant accommodated the Plaintiff on both issues by giving immediate occupancy with two weeks free rent and a reduced monthly rent." In essence, Defendant argues that evidence of his prior good acts (renting to this family in the first place) negates the central claims underlying this legal action (that he later uttered racial epithets in the course of the tenancy). Putting aside the fact, that under this view, no landlord could ever be found to have discriminated against their tenant, Plaintiff submits that Defendant seeks this additional deposition time to gather inadmissible character evidence, which is prohibited.

　　Defendant's attempt to illicit this testimony for this purpose is without legal basis and contravenes the Federal Rules of Evidence. Under the Rules, evidence of "prior good acts" is to be excluded. "[C]haracter evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts." U.S. v. Benedetto, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (citing Michelson v. U.S., 335 U.S. 469, 477 (1948)). Although general testimony concerning the defendant's reputation for a "pertinent trait of character," may be offered in some

---

[1] As an initial matter, discovery has concluded. The original deadline was May 1, 2021. That deadline was already extended at defense counsel's request until May 7, 2021, which has now also passed.

cases, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a); Fed. R. Evid. 405(a). A defendant may not testify or offer other proof to establish specific acts in conformity with a trait, unless that trait is an "essential element of the charge, claim, or defense." Fed. R. Evid. 405(b).

This is the exact purpose Defendant seeks this testimony for here. See U.S. v. Nekritin, No. 10-CR-491 (KAM), 2011 WL 2462744, at *5 (E.D.N.Y. June 17, 2011) ("a defendant may not seek to establish his innocence. . . through proof of the absence of criminal acts on [other] specific occasions.") (quoting U.S. v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990)); see also Benedetto, 571 F.2d at 1249-50. If such evidence is presented for "the improper purpose of showing a propensity to act in a certain way, it is inadmissible" irrespective of whether the evidence is of prior good or bad acts or of subsequent good or bad acts. Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 520 (3d Cir. 2003). "[T]he plain text of Rule 404(b) addresses 'other ... acts,' not just prior bad acts." See id. Likewise, Rule 404(b) applies equally to civil, as well as criminal, cases. See id. "[E]vidence of unrelated prior good conduct (e.g. charitable giving or cooperation with law enforcement") on the basis that it was not relevant to the charged conduct, and any minimal probative value of such evidence was outweighed by the likelihood of jury confusion and the risk of jury nullification." See, e.g., U.S. v. Rivera, No. 13-CR-149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015). Simply put, the case law is overwhelmingly well-settled here. There is no need to take additional time and resources from the Court or the parties to depose Plaintiff regarding explicitly inadmissible testimony.

Lastly, it should be noted the testimony sought here is also likely to embarrass and harass and would also be more prejudicial than probative. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1345-47 (3d Cir. 2002); see also Cuadra v. Univision Comnc'n, Inc., No.: 09-4946 (JLL), 2013 WL 12153536, at *1 (D.N.J. January 14, 2013).

Therefore, Plaintiffs respectfully request that this Court deny Defendant's request to reconvene Plaintiff-Samantha Campaniello -Cason's deposition.

Sincerely,

s/Victor Monterrosa, Jr., Esq.
Victor Monterrosa, Jr., Esq., Attorney
Norrinda B. Hayat, Esq., Attorney
William Lee, Student Attorney
Michael Chachura, Student Attorney
Michael Bernardini, Student Attorney
Rutgers Law School Civil Justice Clinic
123 Washington St.
Newark, NJ 07102
(973) 353 – 0661
(973) 353 –3397 (fax)

norrinda.hayat@rutgers.edu
victor.monterrosa.jr@gmail.com
lee.william@rutgers.edu
mchachura@gmail.com
mb852@rutgers.edu

cc: ptriolo@bittlaw.com