NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMANTHA CAMPANIELLO-CASON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN O'REILLY, <br><br> Defendant. | **Civil Action No. 20-3381-MCA-AME** <br><br> **OPINION & ORDER** |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on Plaintiffs' motion for leave to file an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). [D.E. 24] Defendant opposes the motion. The Court decides the motion without oral argument. See Fed. R. Civ. P. 78(b). Having considered the parties' submissions, and for the following reasons, the motion is granted in part and denied it in part.

**I.    BACKGROUND**

This is a housing discrimination action. Plaintiff Samantha Campaniello-Cason ("Ms. Campaniello-Cason") and her three children, also named as Plaintiffs, were tenants of Defendant Kevin O'Reilly. In or about August 2016, Ms. Campaniello-Cason entered into a lease agreement with Mr. O'Reilly for an apartment located within a home in Wallington, New Jersey, in which Mr. O'Reilly also resided. Mr. O'Reilly avers in an Affidavit that the property is a two-family home that he has owned and occupied since 2005, and that he rented the second-floor

apartment to Ms. Campaniello-Cason (O'Reilly Aff. ¶¶ 2-4); Plaintiffs did not dispute these contentions.

According to the Complaint, the landlord-tenant relationship began well but deteriorated in or around November 2016 after Ms. Campaniello-Cason, who was at the time estranged from her husband, invited her husband for a week-long stay to the apartment for the purpose of visiting their children. Plaintiff's husband, Mr. Cason, is African-American, and Plaintiff is Hispanic.

Ms. Campaniello-Cason, alleges that, following her husband's November 2016 visit, Defendant began harassing Plaintiffs in various ways, including by using racial and ethnic slurs, shutting off the heat and water in the apartment, calling the police on Mr. Cason during a visit in April 2017, requiring the names of all guests that Plaintiffs intended to invite to a graduation party, taking their garbage cans, and shoving Ms. Campaniello-Cason. Plaintiffs also allege that in August 2017, Defendant offered a new lease that contained various unfavorable terms, including that Plaintiffs had to provide Defendant with two weeks-notice and receive his permission if they wanted to have overnight guests. Plaintiffs further allege that Defendant ultimately chose not to renew the lease but never returned their refrigerator or security deposit.

On March 29, 2020, Plaintiffs filed a six-count complaint alleging that Defendant violated the Fair Housing Act, 42 U.S.C. §3604(c) ("FHA"), the New Jersey Law Against Discrimination, N.J.S.A. §10:5-12(g)(1) and (2) (3) ("NJLAD"), and the Rent Security Deposit Act, N.J.S.A.46:8-21.1, and also asserting a tort claim for intentional infliction of emotional distress.

The Scheduling Order entered on October 8, 2020, directed that all motions to amend pleadings should be filed by December 30, 2020. During a February 3, 2021 telephone conference with the Hon. Leda Dunn Wettre, U.S.M.J., Plaintiffs advised the Court that they sought leave to file a proposed amended complaint; Defendant opposed the amendment. The Court ordered on February 5, 2021, with the parties' consent, that Plaintiffs had until March 12, 2021, to file the motion, and they ultimately filed the instant motion [D.E. 24] on that date. The case was reassigned to this Court on April 12, 2021.

## II. DISCUSSION

### A. Legal Standard

In their motion for leave to amend, which is based upon facts allegedly uncovered during discovery, Plaintiffs seek to amend for two reasons: (1) to expand their FHA and NJLAD claims (Counts I-IV) beyond racial discrimination to include discrimination based upon Plaintiffs' national origin and familial status; and (2) to add a claim for violation of New Jersey's Anti-Eviction Act N.J.S.A. 2A:18-61.1.[1]

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). While Rule 15(a)(2) plainly states that leave must be "freely given," it is equally well-established that, in the court's discretion, leave to amend may be denied for various equitable reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[1] Plaintiffs' motion initially sought another amendment: to add Defendant's homeowner's insurance carrier as a defendant. However, Plaintiffs withdrew this proposed amendment in their reply brief. Pl. Reply Br. at 9.

[and/or] futility of amendment . . ..." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman).

The Third Circuit has held that an amendment may be unduly prejudicial if it "would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). Futility, in the context of assessing the merits of a motion for leave to amend under Rule 15, "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); see also In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (holding same). Accordingly, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Burlington, 114 F.3d at 1434; see also Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983) (holding that a motion for leave to amend may be denied on grounds of futility when the amendment would not withstand a Rule 12(b)(6) motion to dismiss).

### B. Plaintiffs May Amend Their FHA and NJLAD Claims

Plaintiffs' proposed amendments to their FHA and NJLAD claims (Counts I-IV)—to add to the claims allegations of discrimination based upon Plaintiffs' national origin and familial status—would not unduly prejudice Defendant. Plaintiffs' national origin and familial status are not new facts, and although Defendant argues otherwise, the proposed amendments would not lead to any additional discovery, costs, or preparation on his part. Defendant "vehemently disputes" Plaintiffs' allegations of discrimination, Opp. Br. at 12, and his defense will not change due to these amendments. Defendant does not argue that the amended claims would not

4

withstand a Rule 12(b)(6) motion, nor is there evidence of bad faith by Plaintiffs, who sought the amendments based on discovery responses provided by Defendant. Thus, in its discretion, the Court grants Plaintiffs' motion as to the FHA and NJLAD claims.

### C. Plaintiffs May Not Add a Claim For Violation of New Jersey's Anti-Eviction Act

Plaintiffs may not add a claim for Violation of New Jersey's Anti-Eviction Act, N.J.S.A. 2A:18-61.1, because the proposed amendment would be futile. In this proposed amendment, Plaintiffs sought to add a claim that "Defendant did not have sufficient 'good cause' for his failure to renew Plaintiffs' lease as statutorily required under N.J.S.A. 2A:18-61.1." However, as noted by Defendant, the "good cause" requirement set forth in N.J.S.A. 2A:18-61.1 does not apply to "owner-occupied premises with not more than two rental units." According to the affidavit submitted by Defendant, the apartment that he rented to Plaintiffs was part of a two-family home that he owned and occupied. O'Reilly Aff. ¶¶ 2-4. In their reply, Plaintiffs neither disputed this contention nor argued that their proposed claim as drafted is legally plausible. Rather, Plaintiffs offered several alternate theories in support of the amendment. First, they suggested that the alleged eviction violated another statute, N.J.S.A. 2A:18-53, because they were not removed from the apartment by order of the Special Civil Part of the Superior Court's Law Division. Second, they noted that "contract law still applies to a lease in New Jersey whether the Anti-Eviction Act applies or not." Third, they argued that Defendant constructively evicted them. Pl. Reply Br. at 7. However, none of these alternate claims or theories appears in Plaintiffs' proposed amended pleading. Accordingly, the Court finds this amendment would be futile and denies leave to amend as to Plaintiffs' proposed claim under the Anti-Eviction Act.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, pursuant to Rule 15(a)(2) and in the Court's discretion, Plaintiffs' request for leave to amend Counts I-IV of their Complaint is granted and Plaintiffs' request for leave to add a claim for violation of New Jersey Anti-Eviction Act is denied. Accordingly,

**IT IS** on this 13th day of July 2021,

**ORDERED** that Plaintiffs' motion for leave to file an Amended Complaint [D.E. 24] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiffs' request for leave to amend Counts I-IV of their Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' request for leave to add a claim for violation of the New Jersey Anti-Eviction Act is **DENIED**; and it is further

**ORDERED** that Plaintiffs shall file their Amended Complaint within seven days of the entry of this Order.

       /s/ *André M. Espinosa*
       ANDRÉ M. ESPINOSA
       United States Magistrate Judge